

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM JONES, aka
WILLIAM McGURGEN,

     Petitioner,

v.                      Civil Action No. 3:08CV697

T. WAID,

     Respondent.

### MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Jones challenges in his conviction for grand larceny and burglary in the Circuit Court for the County of Fairfax ("the Circuit Court").[2] Waid has moved to dismiss on the grounds that the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On December 19, 1980, the Circuit Court sentenced Petitioner to five years of imprisonment for his conviction of burglary. Petitioner did not appeal.

---

[1] For the sake of clarity, the Court will refer to Jones, aka McGurgen, simply as Petitioner.

[2] Initially, Jones also sought to challenge a conviction in the Circuit Court for King George County for obtaining money by false pretenses. As noted the Memorandum Order entered on January 8, 2009, this District Court lacks jurisdiction to entertain Jones's successive § 2254 petition challenging his conviction in the Circuit Court for King George County for obtaining money by false pretenses.

On February 5, 1981, the Circuit Court sentenced Petitioner to a five-year term of imprisonment for his conviction of grand larceny. The Circuit Court suspended the entire term of that sentence. Petitioner did not appeal.

On May 8, 2008, Petitioner filed with the Circuit Court two state petitions for habeas corpus relief challenging the above convictions. The Circuit Court dismissed the petitions on the ground that they were untimely under Virginia Code Section 8.01-654(A)(2).[3]

On October 2, 2008, executed his present federal petition for a writ of habeas corpus and apparently delivered the same to the prison officials for mailing. For purposes of the present motion, the federal petition will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Petitioner's 28 U.S.C. § 2254 petition is subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides that:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

---

[3] That statute provides, in pertinent part, that "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. (West 2008).

2

custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of--

   (A)       the date on which the judgment became
final by the conclusion of direct review or the
expiration of the time for seeking such review;

   (B)       the date on which the impediment to
filing an application created by State action in
violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

   (C)       the date on which the constitutional
right asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

   (D)       the date on which the factual predicate
of the claim or claims presented could have been
discovered through the exercise of due diligence.

2.   The time during which a properly filed application
for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of
limitation under this subsection.

28 U.S.C. § 2244(d).

### III.   TIMELINESS OF PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner's conviction for grand larceny became final, as
that term is defined in 28 U.S.C. § 2244(d)(1)(A), on Monday March
9, 1981, the last date to file a notice of appeal.  See Clay v.
United States, 537 U.S. 522, 527 (2003).  Similarly, Petitioner's
conviction for burglary became final on Monday, January 19, 1981.
Because Petitioner's convictions became final prior to the passage
of the statute of limitations set for in 28 U.S.C. § 2244(d),
Petitioner had until April 24, 1997 to file his federal petition

3

for a writ of habeas.   See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).  Petitioner did not file his federal petition until more than eleven years after that date.  Thus, the petition for a writ of habeas corpus is barred, unless Petitioner is entitled a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling of the limitation period.

In this regard, the fact that Petitioner claims that counsel failed to file a direct appeal as requested would not entitle Petitioner to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D).  Acting with reasonable diligence, Petitioner could have discovered that his counsel failed to file an appeal well before April 24, 1996.  See Green v. Johnson, 515 F.3d 290, 305 (4th Cir.), cert. denied, 128 S. Ct. 2999 (2008); Brooks v. McKee, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004).  Accordingly, Petitioner is not entitled to a belated commencement of the limitation period.

Next, Petitioner suggests the statute of limitations does not bar his petition because "my case was withheld in morgan county until 2008." (§ 2254 Pet. at 14)  "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'"  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)

4

(quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Petitioner fails to explain what he means when he says his case was withheld in Morgan County, much less demonstrate that it constitutes an extraordinary circumstance, beyond his control, that prevented him from filing this petition in a timely fashion. Accordingly, Waid's motion to dismiss (Docket No. 11) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Petitioner and counsel of record.

An appropriate Order shall issue.

/s/                    _REP_

Robert E. Payne
Senior United States District Judge

Date: _May 14, 2009_
Richmond, Virginia

5